## Giles *v.* Jones & Laughlins, Limited, Appellants.

*Master and servant—Risk of employment—Explosion of gas—Blast fur-nace—Dangerous position.*

In an action by a carpenter against his employer, the owner of a blast furnace, to recover damages for personal injuries, it appeared that the plaintiff had been in the defendant's employment for about a month in a carpenter shop. On the day of the accident he was sent to work at a sheave block near the top of the blast furnace. In doing this work he

stood on a narrow platform near the top of the stack. Explosions by which gas or materials were thrown from the top of the stack occurred at frequent but irregular intervals, sometimes twenty-four to thirty-six hours apart, again, several times a day. They could be heard and seen for a considerable distance. To lessen, as far as practicable, the damage from such explosions, the stack was furnished near the top with "fire doors" that hung upon hinges at the top and were usually kept closed by their own weight, but opened on an explosion and gave vent to the burning gas. Plaintiff was burned by the flames of the escaping gas in one of the explosions. The evidence was conflicting as to whether he had been warned to look out for such danger. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 29, 1902. Appeal, No. 77, Oct. T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1901, No. 612, on verdict for plaintiff in case of James H. Giles v. Jones & Laughlins, Limited. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STOWE, P. J.

At the trial it appeared that the plaintiff, a carpenter, on October 1, 1900, was injured by a burst of burning gas from a blast furnace, while at work near the top of a stack of the furnace. The circumstances of the accident are stated in the opinion of the Supreme Court.

Defendant presented these points:

1. That under all the evidence in the case the verdict must be for the defendant. *Answer:* Refused. [1]

2. That while it appears that the place in which the plaintiff was at work at the time of the accident was dangerous, the uncontradicted evidence is that it was an obvious apparent danger and the plaintiff, being of full age and of ordinary intelligence, must be held to have known of such danger, and in going to work there to have assumed the risk of injury, and therefore cannot recover in this action. The verdict must, therefore, be for the defendant. *Answer:* Refused. The place was clearly a dangerous place to work. If plaintiff had actual knowledge of the nature and character of the danger, either by being informed of it, or as a man of ordinary intelligence knew or should have known and anticipated the fact that an explosion such as occurred would probably happen and that he might be hurt by

it, he is under the law not entitled to recover in this suit. But this is matter of fact for the jury to determine under the evidence bearing upon that question and not a matter of law for the court. [2]

Verdict and judgment for plaintiff for $4,493. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*William S. Dalzell*, with him *John D. McKennan*, for appellant, cited: McGlynn v. Brodie, 31 Cal. 376; Sykes v. Packer, 99 Pa. 465; Fletcher v. Phila. Traction Co., 190 Pa. 117.

*W. H. McGary*, with him *Thomas L. Kerin*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903:

This case involves but a single question, was the risk of injury such as plaintiff received so far patent and manifest that plaintiff must be held as a matter of law to have assumed it as a risk of the employment?

Plaintiff was sent to work in a dangerous place, on a narrow platform near the top of the stack, at considerable height from the ground. It is conceded that this involved certain dangers such as a misstep and fall, and the jury were clearly instructed that these were incident to the situation and the plaintiff could not recover for any injury resulting from them.

But there were other dangers specially incident to the furnace stack. These were a "slip" and a "gas puff." The former was caused by part of the materials with which the furnace was charged adhering to the sides called à "hang" until the molten mass below it had settled down and then making a "slip" or fall so as to produce an explosion by which gas, ore, limestone and other materials in the furnace were blown out of the openings at the top. A "gas puff" was caused by an accumulation of gas near the top of the stack, mixing with the air, taking fire, and exploding. The two kinds of explosion differed mainly in that a slip threw out quantities of materials from the stack, while a puff was merely a flame from the lighted gas. To lessen as far as practicable the damage from such explosions, the stack was furnished near the top with "fire doors"

that hung upon hinges at the top, and were usually kept closed by their own weight, but opened on an explosion and gave vent to the burning gas.

Plaintiff was at work in the line of his trade as a carpenter, at a sheave block near the top of the stack, when an explosion occurred, whether from a " slip " or a " puff " was not clear, and he was burned by the flames of the escaping gas. There was some conflict of testimony whether he had been warned to look out for such danger, and this of course went to the jury. But defendants contended then as now that the danger was so manifest that any man in the proper exercise of his senses must have known of it. This, as already said, was the pinch of the case.

The testimony in regard to these explosions was that they occurred at frequent but irregular intervals, sometimes twenty-four to thirty-six hours apart, and again several times a day. They could be heard and seen for a considerable distance. There being a number of blast furnaces close together in that neighborhood, appellants argue that the explosions were so frequent as necessarily to compel notice of them. Plaintiff had been in employment at that place about a month, but testified that his work was inside the carpenter shop except on two days, and that he had no knowledge of the danger from the explosions. There was nothing in the ordinary course of his trade as a carpenter to charge him with such knowledge, or even to put him upon inquiry. If he had come that day for the first time from a different place where there were no furnaces in operation, it is plain that he could not be deemed to have knowingly assumed such risk. He had been there a month, and while it is difficult to see how he could have failed to notice and be informed about the explosions, yet on the other hand it may be that a burst of flame, apparently from the top of a high stack, did not convey to an ordinary observer from the ground the idea of danger to a workman on a platform several feet below the top. Taking the case on the whole evidence it was for the jury, and was properly submitted to them.

Judgment affirmed.